CADES SCHUTTE
A Limited Liability Law Partnership

KEITH Y. YAMADA           4044
KIRK C. HUBBARD, IV       12133
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: kyamada@cades.com
Email: khubbard@cades.com

Attorneys for Claimant
BANK OF HAWAII

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>   v.<br>REAL PROPERTY LOCATED AT 12449 EQUINE LANE IN WELLINGTON, FLORIDA, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS;<br><br>REAL PROPERTY LOCATED AT 1118 ALA MOANA BLVD., APT 16c, IN HONOLULU, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS;<br><br>REAL PROPERTY LOCATED AT 61-707 PAPAILOA RD., HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; | CIVIL NO. CV23-00450 JMS-RT<br><br>**CLAIMANT BANK OF HAWAII'S ANSWER TO FIRST AMENDED COMPLAINT FOR FORFEITURE FILED ON MAY 7, 2025;**<br><br>**CERTIFICATE OF SERVICE** |

REAL PROPERTY LOCATED AT 62-117 LOKOEA PL, UNIT 1, HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS;

$592960.00 LOCATED IN BANK OF HAWAII "HNC-VICTORIA PLACE ACCOUNT" SAVINGS ACCOUNT ENDING IN 6349, AND ANY INTEREST ACCRUED THEREON SINCE ITS DEPOSIT;

Defendants *in Rem*.

### CLAIMANT BANK OF HAWAII'S ANSWER TO FIRST AMENDED COMPLAINT FOR FORFEITURE FILED ON MAY 7, 2025

Bank of Hawaii ("**BOH**"), by and through its counsel, Cades Schutte LLP, hereby submits its answer to the Amended Complaint for Forfeiture filed on November 10, 2025 [Dkt. 10] (the "**Complaint**") by Plaintiff United States of America ("**Plaintiff**") as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim against BOH upon which relief can be granted.

### SECOND DEFENSE

2. BOH states that the allegations in paragraph 1 of the Complaint state a legal conclusion and therefore, no response is required.

3.   BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 2 and 3 of the Complaint, and therefore denies said allegations.

4.   In response to paragraph 4 of the Complaint, BOH admits the allegation in paragraph 4(a) of the Complaint that Defendant 1118 Ala Moana Property is titled in the name of Christopher M. Dawson. BOH further admits the allegation in paragraph 4(b) that it has an interest in the Defendant 1118 Ala Moana Property based on its mortgage recorded in the Bureau of Conveyances, State of Hawaiʻi on June 28, 2019 as Doc. No. A-71180553. BOH is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations contained in paragraph 4 of the Complaint, including whether the document attached as Exhibit B to the Complaint is a true and accurate legal description for the 1118 Ala Moana Property. BOH therefore denies the remaining allegations in paragraph 4 of the Complaint.

5.   In response to paragraph 5 of the Complaint, BOH admits the allegation in paragraph 5(a) of the Complaint that Defendant Papailoa Road Property is titled in the name of Christopher Dawson. BOH further admits the allegation in paragraph 5(b) that it has an interest in the Defendant Papailoa Road Property based on its mortgages recorded in the Bureau of Conveyances, State of Hawaiʻi on January 17, 2019 as Doc. Nos. A-69560223 and A-69560224. BOH is without knowledge or

information sufficient to form a belief as the truth or falsity of the remaining allegations contained in paragraph 5 of the Complaint, including whether the document attached as Exhibit C to the Complaint is a true and accurate legal description for the Papailoa Property. BOH therefore denies the remaining allegations in paragraph 5 of the Complaint.

6. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 6–7 of the Complaint, and therefore denies said allegations.

7. BOH states that the allegations in paragraphs 8–12 of the Complaint state legal conclusions and therefore, no response is required.

8. In response to the allegations in paragraphs 13–14 of the Complaint, BOH denies that Defendant 1118 Ala Moana Property and Defendant Papailoa Road Property are forfeitable pursuant to the statutes cited in paragraphs 13–14 of the Complaint, without the payment of sums owed to BOH based on the sums loaned and advanced and secured by BOH's mortgage. BOH states that all other allegations in paragraphs 13–14 of the Complaint state legal conclusions and therefore, no response is required.

9. BOH states that the allegations in paragraphs 15–18 of the Complaint state legal conclusions and therefore, no response is required.

10. BOH is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in paragraphs 19–33 of the Complaint, and therefore denies said allegations.

11. In response to the allegations contained in paragraph 34 of the Complaint, BOH states that the allegation that certain conduct constitutes fraud and/or embezzlement states a legal conclusion, and no response is required. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of all remaining allegations contained in Paragraph 34, and therefore denies the same.

12. In response to the allegations contained in paragraph 35 of the Complaint, BOH states that the allegations illustrating "the way in which the SBA 8(a) program is intended to function" state legal conclusions and therefore, no response is required. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of all remaining allegations contained in Paragraph 35, and therefore denies the same.

13. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 36–44 of the Complaint, and therefore denies said allegations.

14. In response to the allegations in paragraph 45 of the Complaint, BOH admits that Mr. Dawson applied for and obtained a $1,425,000 loan from BOH for which the Defendant 1118 Ala Moana Property served as collateral. BOH is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 of the Complaint, and BOH therefore denies the same.

15. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, and therefore denies said allegations.

16. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint tracing check proceeds, and BOH therefore denies the same. BOH states that the remaining allegations contained in paragraph 47 of the Complaint—that Mr. Dawson's conduct allegedly constitutes wire fraud and/or theft concerning federally funded program proceeds—state legal conclusions, and therefore, no response is required.

17. In response to the allegations in paragraph 48 of the Complaint, BOH admits that Mr. Dawson applied for and obtained a line of credit with credit limit of $3,230,000 from BOH for which the Defendant Papailoa Road Property served as collateral. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 48 of the Complaint, and BOH therefore denies the same.

18. BOH is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in paragraph 49 of the Complaint, and therefore denies said allegations.

19.  BOH states that the allegation contained in paragraph 50 of the Complaint that transfer activity allegedly constitutes wire fraud and/or theft concerning federally funded program proceeds states a legal conclusion, and therefore, no response is required. As to all other allegations contained in paragraph 50 of the Complaint, BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies the same.

20.  BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 51–52 of the Complaint, and therefore denies said allegations.

21.  BOH states that the allegations in paragraph 53 of the Complaint state legal conclusions and therefore, no response is required.

22.  BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 54–55 of the Complaint, and therefore denies said allegations.

23.  BOH states that the allegations in paragraphs 56–58 of the Complaint state legal conclusions and therefore, no response is required.

24.  BOH denies each and every allegation of the Complaint not specifically admitted herein, including but not limited to Plaintiff's prayer for relief.

### THIRD DEFENSE

25. BOH intends to rely upon the defense that Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as it relates to the Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property.

### FOURTH DEFENSE

26. BOH intends to rely upon the "innocent owner defense" wherein BOH had no knowledge and did not consent to the alleged use of illegally obtained proceeds and use of fraudulent information to purchase the Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property.

### FIFTH DEFENSE

27. Plaintiff lacks probable cause for the forfeiture of Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property.

### SIXTH DEFENSE

28. Plaintiff cannot obtain forfeiture of the Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property because said forfeiture would be constitutionally disproportionate and/or is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

### SEVENTH DEFENSE

29. The Court does not have exclusive jurisdiction over the interests of the parties in and to the Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property.

## EIGHTH DEFENSE

30. Plaintiff's claims are barred by the doctrine of estoppel.

## NINTH DEFENSE

31. Plaintiff's claims are barred by the doctrine of laches.

## TENTH DEFENSE

32. Plaintiff's claims are barred by the doctrine of waiver.

33. BOH intends to rely upon the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as it relates to the Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property.

## ELEVENTH DEFENSE

34. BOH relies on all other affirmative defenses available to it and reserves the right to assert other affirmative defenses in the event that the Complaint is amended or discovery discloses grounds for asserting additional affirmative defenses.

WHEREFORE, BOH prays for the following relief:

A. That the Complaint be dismissed against Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property;

B. That if the Complaint is not dismissed against Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property, that BOH's mortgages encumbering Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property each be deemed valid, existing and prior and superior to the interests of Plaintiff and any other party;

C. That Bank of Hawaiʻi be entitled to credit bid towards any public or private sale of the Property;

D. That if a forfeiture judgment is entered in favor of Plaintiff as to Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property, that Plaintiff's interests in said properties be subject to the mortgage liens of BOH, and if the purchaser of Defendant 1118 Ala Moana Property and the Defendant Papailoa Road Property at any forfeiture sale of such properties does not pay off BOH's mortgages encumbering each property, including BOH's attorneys' fees and costs, then BOH shall have the right to foreclose on its mortgages encumbering each property;

E. That BOH be awarded its attorneys' fees and costs in this matter; and

F. For such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaiʻi, January 6, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Keith Y. Yamada*
KEITH Y. YAMADA
KIRK C. HUBBARD, IV

Attorneys for Claimant
BANK OF HAWAII

- 11 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. CV23-00450 JMS-RT |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| REAL PROPERTY LOCATED AT 12449 EQUINE LANE IN WELLINGTON, FLORIDA, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; | |
| REAL PROPERTY LOCATED AT 1118 ALA MOANA BLVD., APT 16c, IN HONOLULU, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; | |
| REAL PROPERTY LOCATED AT 61-707 PAPAILOA RD., HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; | |
| REAL PROPERTY LOCATED AT 62-117 LOKOEA PL, UNIT 1, HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; | |
| $592960.00 LOCATED IN BANK OF HAWAII "HNC-VICTORIA PLACE ACCOUNT" SAVINGS ACCOUNT ENDING IN 6349, AND ANY INTEREST ACCRUED THEREON SINCE ITS DEPOSIT; | |
| Defendants *in Rem*. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and correct copy of the foregoing document was served on the following parties electronically through CM/ECF:

|  | U.S. Mail | Hand Delivery | CM/ECF |
|---|---|---|---|
| SYDNEY SPECTOR, ESQ.<br>Sydney.Spector@usdoj.gov<br>CRAIG S. NOLAN<br>Craig.Nolan@usdoj.gov<br>Assistant United States Attorneys<br>United States Attorney's Office<br>300 Ala Moana Boulevard, Room 6-100<br>Honolulu, HI 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  |  | X |

DATED: Honolulu, Hawaiʻi, January 6, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership

/s/ *Keith Y. Yamada*
KEITH Y. YAMADA
KIRK C. HUBBARD, IV

Attorneys for Claimant
BANK OF HAWAII

- 2 -