| | |
|---|---|
| ERIKA L. AMATORE | 8580 |
| KEONI M. WILLIAMS | 11857 |

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:   erika.amatore@dentons.com
         keoni.williams@dentons.com

Attorneys for Claimant
HAWAIIAN NATIVE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 12449 EQUINE LANE IN WELLINGTON, FLORIDA, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS;<br><br>REAL PROPERTY LOCATED AT 1118 ALA MOANA BLVD. APT 16C, IN HONOLULU, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS;<br><br>REAL PROPERTY LOCATED AT 61-707 PAPAILOA RD, HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND | Case No. CV23-00450 LEK-RT<br><br>**HAWAIIAN NATIVE CORPORATION'S ANSWER TO AMENDED COMPLAINT FOR FORFEITURE FILED ON NOVEMBER 10, 2024 [DKT. 10]**<br><br><br><br><br><br>*caption continued on next page* |

IMPROVEMENTS;
REAL PROPERTY LOCATED AT 62-117 LOKOEA PL, UNIT 1, HALEIWA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; AND

$592,960.00 LOCATED IN BANK OF HAWAII "HNC-VICTORIA PLACE ACCOUNT" SAVINGS ACCOUNT ENDING IN 6349, AND ANY INTEREST ACCRUED THEREON SINCE ITS DEPOSIT

     Defendants in *Rem*.

## HAWAIIAN NATIVE CORPORATION'S ANSWER TO AMENDED COMPLAINT FOR FORFEITURE FILED ON NOVEMBER 10, 2024 [DKT. 10]

  Claimant Hawaiian Native Corporation ("**HNC**") responds to the Amended Complaint for Forfeiture filed on November 10, 2025 ("**Complaint**") by Plaintiff United States of America, as follows:

### Nature of the Action

  1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

  2. Paragraph 2 of the Complaint does not appear to contain any allegations to which a response is required. To the extent Paragraph 2 contains allegations to

2

which a response is required, HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore HNC denies them.

## The Defendants *In Rem*

3. HNC admits the allegations contained in Paragraphs 3 and 3(a) of the Complaint. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 3(b) and 3(c) of the Complaint, and HNC therefore denies them.

4. HNC admits the allegations contained in Paragraphs 4 and 4(a) of the Complaint. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4(b) of the Complaint, and therefore HNC denies them.

5. HNC admits the allegations contained in Paragraphs 5 and 5(a) of the Complaint. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5(b) of the Complaint, and therefore HNC denies them.

6. HNC admits the allegations contained in Paragraph 6 of the Complaint. HNC denies the allegations contained in Paragraph 6(a) of the Complaint. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6(b) of the Complaint, and therefore HNC denies them.

7. HNC admits the allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations contained in Paragraph 8 of the Complaint, HNC admits the allegations in Paragraphs 8(a)-(c) insofar as they pertain to Lokoea Place. HNC affirmatively states that the Victoria Place Proceeds have been seized. To the extent Paragraph 8 contains legal conclusions, no response is required. HNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore HNC denies them.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required.

## Jurisdiction and Venue

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required.

## Basis for Forfeiture

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required.

## Facts

*The SBA's 8(a) Program and Native Hawaiian Organizations*

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent the paragraph purports to allege relevant facts, HNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore HNC denies them.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent the paragraph purports to allege relevant facts, HNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore HNC denies them.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent the paragraph purports to allege relevant facts, HNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore HNC denies them.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent the paragraph purports to allege relevant facts, HNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore HNC denies them.

*Hawaiian Native Corporation and its "DAWSON" Subsidiaries*

19. In response to the allegations contained in Paragraph 19 of the Complaint, HNC responds that the Articles of Incorporation dated February 2, 2004 speaks for itself, and HNC denies any allegations in Paragraph 19 inconsistent therewith. HNC further affirmatively states that it has since amended and restated its articles of incorporation.

20. In response to the allegations contained in Paragraph 20, HNC admits it adopted Amended and Restated Articles of Incorporation on June 6, 2011. That document speaks for itself, and HNC denies any allegations in Paragraph 20 not consistent therewith. HNC further affirmatively states that it has since amended and restated its articles of incorporation.

21. In response to the allegations contained in Paragraph 21 of the Complaint, HNC admits that Christopher Dawson was HNC's former Chairman and Bryan Hara was HNC's former Chief Financial Officer; HNC is the parent organization to several for-profit subsidiaries; and Mr. Dawson was the organizer and/or "founder" of several of those for-profit subsidiaries and served as the Chief Executive Officer of several of those for-profit subsidiaries. HNC affirmatively states that Mr. Dawson and Mr. Hara are no longer affiliated with HNC. HNC denies any remaining and/or inconsistent allegations in Paragraph 21.

15814708\000009\131768777

22. In response to Paragraph 22 of the Complaint, HNC admits its wholly-owned subsidiaries include: Dawson Technical, Inc. fka Dawson Technical, LLC fka Rooks Technical, LLC; Dawson Solutions, Inc. fka Dawson Solutions, LLC fka JCM Consulting, LLC; Dawson Enterprises, Inc. fka Dawson Enterprises, LLC fka MMGT Consulting, LLC; Dawson Global, Inc. fka Dawson Global, LLC; D7, Inc. fka D7, LLC fka Ebb & Flow LLC; B & H Contracting Company, Inc.; Dawson MCG, Inc. fka Dawson MCG, LLC fka Five Three Two Three Concepts, LLC; and Aktarius Inc. fka Aktarius LLC fka Aktarius Technical Services LLC.  HNC admits these companies share an address in Honolulu, Hawai'i, and have additional business addresses and are registered in other states.  HNC further affirmatively states that Dawson Federal, Inc. fka Pro-Circuit Electrical, Inc., which was HNC's wholly-owned subsidiary, is now merged with Dawson Technical, Inc.  HNC denies any remaining and/or inconsistent allegations in Paragraph 22.

23. HNC admits the allegations contained in Paragraph 23 of the Complaint.

24. HNC admits the allegations contained in Paragraph 24 of the Complaint.

25. In response to the allegations contained in Paragraph 25, HNC admits that the figures contained in the chart entitled "USG Contract Awards to Dawson"

appear correct.  HNC lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25, and therefore denies them.

26.     In response to the allegations contained in Paragraph 26, HNC denies that Dawson Group, Inc. is, or ever was, a subsidiary of HNC.  With respect to the remaining companies listed in Paragraph 26, HNC admits those companies are or were participants in the SBA 8(a) program.  HNC denies any remaining and/or inconsistent allegations contained in Paragraph 26.

27.     To the extent that Paragraph 27 of the Complaint states legal conclusions, no response is required.  HNC denies that HNC owns or owned Dawson Group, Inc., or that Dawson Group, Inc. is or ever was a subsidiary of HNC.  HNC admits that B & H Contracting Company, Dawson Federal, Dawson Solutions, Dawson Enterprises, D7, Aktarius, and Five Three Two Three Concepts are wholly-owned subsidiaries of HNC.  HNC admits that Dawson Technical was a subsidiary of HNC, and is now merged with Dawson Federal.  HNC denies any remaining inconsistent allegations contained in Paragraph 27.

28.     Paragraph 28 of the Complaint contains legal conclusions to which no response is required.

29.     In response to Paragraph 29 of the Complaint, HNC affirmatively states that Mr. Dawson, with the assistance of Mr. Hara, caused HNC subsidiaries to spend money on personal activities unrelated to the subsidiaries' operations, HNC's

purpose, or giveback to Native Hawaiians. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the Government's investigation, and therefore denies the same. HNC denies any remaining inconsistent allegations contained in Paragraph 29.

30. HNC admits the allegations contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, HNC admits the allegations insofar as they relate to Mr. Dawson, Mr. Hara, and Billy Cress, who was the former President and Chief Operating Officer of several of HNC's subsidiaries. HNC denies the allegations to the extent they relate to other HNC executives.

32. In response to Paragraph 32 of the Complaint, HNC admits the allegations insofar as they relate to Mr. Dawson's interception of proceeds from HNC and its operating companies. HNC affirmatively states that it does not own, and never owned, any portion of Dawson Group, Inc. HNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 to the extent they relate to the Government's investigation and Mr. Dawson's income tax reporting, and therefore denies the same.

33. HNC admits the allegations contained in Paragraph 33 of the Complaint, and affirmatively states that Mr. Hara is no longer affiliated with HNC.

34. To the extent that Paragraph 34 states legal conclusions, no response is required. HNC admits Mr. Dawson perpetuated a fraud scheme and embezzlement that victimized HNC and Native Hawaiians.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent the chart entitled "Hawaiian Native Corporation Process" contains factual allegations, HNC admits Mr. Dawson diverted profits from HNC's operating companies, and diverted income from HNC.

36. HNC admits the allegations contained in Paragraph 36 of the Complaint.

37. HNC admits the allegations contained in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, HNC affirmatively states that Lokoea Place is owned by Dawson Technical. HNC admits the remaining allegations contained in Paragraph 38 of the Complaint.

*Defendant Equine Lane Property*

39. On information and belief, HNC admits the allegations contained in Paragraph 39 of the Complaint.

40. On information and belief, HNC admits the allegations contained in Paragraph 40 of the Complaint.

41. On information and belief, HNC admits the allegations contained in Paragraph 41 of the Complaint.

42. On information and belief, HNC admits the allegations contained in Paragraph 42 of the Complaint.

*Defendant Lokoea Property*

43. HNC admits the allegations contained in Paragraph 43 of the Complaint.

44. HNC admits the allegations contained in Paragraph 44 of the Complaint.

*Defendant 1118 Ala Moana Property*

45. On information and belief, HNC admits the allegations contained in Paragraph 45 of the Complaint.

46. HNC admits the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 contains legal conclusions to which no response is required. On information and belief, HNC admits the allegations contained in Paragraph 47 describing financial transactions.

*Defendant Papailoa Road Property*

48. On information and belief, HNC admits the allegations contained in Paragraph 48 of the Complaint.

49. HNC admits the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. HNC admits the remaining allegations contained in Paragraph 50 of the Complaint.

*Defendant Victoria Place Proceeds*

51. On information and belief, HNC admits the allegations contained in Paragraph 51 of the Complaint.

52. HNC admits the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. On information and belief, HNC admits the allegations contained in Paragraph 53 describing the transfer of funds.

54. In response to Paragraph 54 of the Complaint, HNC denies that the Victoria Place Proceeds remain in the account referenced, and deny that the account was jointly controlled by attorneys for Dawson and Mr. Dawson. HNC affirmatively states that the current account balance is zero, and the account signatories were attorneys for HNC (not the operating companies) and for Mr. Dawson. HNC admits the remaining allegations contained in Paragraph 54 of the Complaint.

55. HNC admits the allegations contained in Paragraph 55 of the Complaint.

*Summary*

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required.

    a. Paragraph 56(a) of the Complaint contains legal conclusions to which no response is required. HNC admits the factual allegations contained in Paragraph 56(a).

    b. Paragraph 56(b) of the Complaint contains legal conclusions to which no response is required. HNC admits the factual allegations contained in Paragraph 56(b).

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required.

    a. Paragraph 57(a) of the Complaint contains legal conclusions to which no response is required. HNC admits the factual allegations contained in Paragraph 57(a).

    b. Paragraph 57(b) of the Complaint contains legal conclusions to which no response is required. HNC admits the factual allegations contained in Paragraph 57(b).

      c.      Paragraph 57(c) of the Complaint contains legal conclusions to which no response is required.  HNC admits the factual allegations contained in Paragraph 57(c).

      d.      Paragraph 57(d) of the Complaint contains legal conclusions to which no response is required.  HNC admits the factual allegations contained in Paragraph 57(d).

offense.

      e.      Paragraph 57(e) of the Complaint contains legal conclusions to which no response is required.  HNC admits the factual allegations contained in Paragraph 57(e).

      58.      Paragraph 58 of the Complaint contains legal conclusions to which no response is required.

## DEFENSES

      1.      With respect to Lokoea Place, Plaintiff has failed to allege with sufficient particularity facts supporting a reasonable belief that the property is subject to forfeiture.

      2.      With respect to each of the defendant properties, HNC is an innocent owner of each such asset within the meaning of 18 U.S.C. § 983(d)(1) and (2) because each defendant property constitutes or is traceable to property in which HNC held a pre-existing interest at the time the alleged illegal conduct took place,

and HNC did not know of the conduct and, upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

3. With respect to each of the defendant properties, HNC is an innocent owner of each such asset within the meaning of 18 U.S.C. § 983(d)(1) and (3) to the extent that any interest of HNC is determined to have arisen after the conduct giving rise to forfeiture because HNC was a bona fide purchaser for value of the interest and was reasonably without cause to believe that the property was subject to forfeiture.

WHEREFORE, HNC prays:

A. That the Complaint be dismissed against Defendant Lokoea Place;

B. That HNC be granted possession and title to the remaining defendant assets;

C. That HNC be awarded its attorneys' fees and costs in this matter; and

D. For such other further relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, February 6, 2026.

/s/ Erika L. Amatore
ERIKA L. AMATORE
KEONI M. WILLIAMS

Attorneys for Claimant
HAWAIIAN NATIVE CORPORATION

15814708\000009\131768777